20-3566-cr
*United States v. Angwang*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          No. 20-3566-cr

BAIMADAJIE ANGWANG

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | J. MATTHEW HAGGANS, Assistant United States Attorney (Kevin Trowel, Assistant United States Attorney, and Scott A. Claffee, Trial Attorney), *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant: | JOHN F. CARMAN, Law Office of John F. Carman, Garden City, NY |

Appeal from an order of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Baimadajie Angwang appeals from an order entered on October 7, 2020, in the United States District Court for the Eastern District of New York (Komitee, *J.*), detaining him pending trial. Angwang is alleged to have, *inter alia*, acted as an unregistered agent of the People's Republic of China ("PRC") by communicating with a PRC official while serving as an NYPD officer. The district court denied bail on the ground that "no condition or combination of conditions w[ould] reasonably assure the appearance of" Angwang as required under 18 U.S.C. § 3142(e). D. Ct. ECF No. 16 ("Bail Order") at 3.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Bail Reform Act requires that a defendant be released pending trial "unless," in relevant part, "the judicial officer determines that such release will not reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(b). In making this determination, courts must consider, among other things, (1) "the nature and circumstances of the offense(s) charged"; (2) "the weight of the evidence" against the defendant; and (3) "the history and characteristics" of the defendant. *Id.* § 3142(g). Whether there are conditions or a combination of conditions which reasonably will assure the appearance of the defendant "is a mixed question of law and fact which we review for clear error." *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020). Accordingly, we will not reverse unless "on the entire evidence, we are left with the definite and

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, footnotes, citations, and alterations.

firm conviction that a mistake has been committed." *Id.*

Angwang first argues that the district court committed legal error by considering the complaint's allegations as part of its evaluation of his "history and characteristics" under 18 U.S.C. § 3142(g)(3). Specifically, Angwang argues that the district court should not have relied on the complaint to find that he had a "demonstrated capacity for dishonesty," Bail Order at 11, because this presumed his guilt and essentially "double-counted" the nature-of-the-offense analysis under 18 U.S.C. § 3142(g)(1). The district court, however, did not primarily rely on the complaint's allegations to find that Angwang has a history of dishonesty. Although the district court did discuss the complaint's allegations in its analysis, it followed this discussion with an explicit note that "[t]hese allegations of deceit are, of course, contested at this stage," and quickly turned to the "indications of [Angwang]'s lack of candor with the Court even on the admitted facts." Bail Order at 12. This language reveals that the court relied primarily on established facts, not the complaint allegations, to the conclude that Angwang had been deceitful.

Angwang second argues that the district court committed factual error by finding that he intentionally withheld information in an interview with Pretrial Services about his prior employment by a Chinese businessman. Angwang acknowledges, however, that he was employed by a Chinese businessman from 2014 to 2016. He further acknowledges that the Pretrial Services Report contains no mention of any such employment. This is sufficient to support the district court's finding that Angwang intentionally failed to disclose this information. While Angwang argues that his acknowledgment of this period of employment in his initial bail application suggests that any omission was unintentional, this competing evidence in no way renders the district court's finding clearly erroneous. *See United States v. Salim*, 549 F.3d 67, 74 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice

3

between them cannot be clearly erroneous.").

Angwang third argues that the district court committed factual error by concluding that "there is a meaningful risk [Angwang] will not be able to remain in this country following his conviction" because he may be denaturalized. Bail Order at 11. Angwang became a naturalized United States citizen after successfully applying for asylum in 2005 and served in the United States Marines for five years, including a tour of duty in Afghanistan. Both before the district court and when pressed at oral argument, the government would not represent that it will seek to denaturalize Angwang. The issues around denaturalization are weighty ones, as Angwang argues, and deserve serious attention. *See Fedorenko v. United States*, 449 U.S. 490, 505 (1981) (holding that "the Government carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship" because "loss [of citizenship] can have severe and unsettling consequences").

Nonetheless, we need not address the denaturalization issue here given the district court's "overall assessment . . . as to the risk of flight" is subject to clear error review. *Mattis*, 963 F.3d at 291. Even excluding any considerations of denaturalization, there was no such error here. The district court carefully considered the 18 U.S.C. § 3142(g) factors, including both mitigating facts such as Angwang's military service, as well as aggravating facts. We find no clear error in the district court's conclusion that, on balance, the aggravating facts—including Angwang's strong ties to the PRC, his access to significant financial resources, and the seriousness of the allegations against him—render Angwang a flight risk. This holds true even absent any consideration of Angwang's possible denaturalization, particularly in light of Angwang's two failed arguments above. Accordingly, the district court did not clearly err in its ultimate denial of bail.

4

We have considered Angwang's remaining arguments and find in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk